J-S55029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MIRA RAINEY, | : | |
| | : | |
| Appellant | : | No. 3596 EDA 2013 |

Appeal from the PCRA Order Entered November 5, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0715023-2000.

BEFORE: BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 26, 2014**

Appellant, Mira Rainey, appeals *pro se* from the order denying her second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On September 17, 2003, following a bench trial before the Honorable Renee Cardwell Hughes, [Appellant] was found guilty of a plethora of offenses arising out of two separate incidents. With respect to an incident that occurred on November 1, 1999, [Appellant] was found guilty of two counts each of kidnapping, unlawful restraint, simple assault, false imprisonment, and criminal trespass, and one count each of [recklessly endangering

---

[1] The Commonwealth has failed to file a brief in this matter despite this Court granting the Commonwealth's request for an extension of time within which to do so. The Commonwealth's Brief was due on or before July 18, 2014. Order, 5/21/14.

another person, ("REAP")], burglary, and harassment. For an incident that occurred on February 14, 2000, [Appellant] was found guilty of one count [of] kidnapping, unlawful restraint, simple assault, false imprisonment, REAP, theft by extortion, theft by unlawful taking or disposition, and theft by deception.

On November 17, 2003, [Appellant] was sentenced on each kidnapping count to concurrent terms of ten to twenty years' imprisonment. On the burglary charge, [Appellant] received a consecutive sentence of five to ten years' imprisonment. [Appellant] appealed and on May 26, 2005 the Superior Court affirmed the judgment of sentence, and on December 21, 2005, the Pennsylvania Supreme Court denied allowance of appeal.

On March 20, 2007, [Appellant] filed her first counseled PCRA petition wherein she contended that trial counsel had been ineffective for failing to call certain persons as defense witnesses. On August 8, 2008, the PCRA [petition] was dismissed. An appeal followed and on June 5, 2009, the Superior Court affirmed the dismissal.[2]

[Appellant] filed the instant PCRA petition on April 30, 2012.

PCRA Court Opinion, 1/29/14, at 1-2. The PCRA Court dismissed Appellant's petition on November 5, 2013. This timely appeal followed.

Appellant presents the following issues for our review:

1. Ineffectiveness of counsel violates [Appellant's] right of the Fifth, Sixth, and Fourteenth Amendment's [sic] to the United States Constitution and Article I, Section Nine of the Pennsylvania Constitution.

2. The Discovery of New Evidence was withheld, violating [Appellant's] rights according to Pa.R.Crim.P. 573, the state's disclosure obligation turns on the cumulative effect of all

---

[2] The Supreme Court denied Appellant's petition for allowance of appeal on December 17, 2009.

suppressed evidence favorable to the defense, not on the evidence considered item by item, 87 L. Ed. 2d 481, 105 S. Ct. 3375. Thus, the prosecutor, who alone can know what is undisclosed, must be assigned the responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable probability" is reached. Because the net effect of the state-suppressed evidence favoring [Appellant] raises a reasonable probability that its disclosure would have produced a different result at trial.

Appellant's Brief at 4.[3]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013) (citing **Commonwealth v.**

---

[3] We note that although Appellant identifies her statement as a "Counter Statement of Questions Involved", Appellant's Brief at 4, a review of Appellant's brief reflects that she intended this to be her "Statement of Questions Involved." **Id.** at i.

*Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove

---

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

-4-

specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that the trial court imposed the judgment of sentence on November 17, 2003. This Court affirmed the judgment of sentence on May 26, 2005, and on December 21, 2005, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Rainey*, 655 EDA 2004, 880 A.2d 11 (Pa. Super filed May 26, 2005), unpublished memorandum, *appeal denied*, 895 A.2d 549 (Pa. filed December 21, 2005). Accordingly, Appellant's judgment of sentence became final on March 21, 2006, ninety days after the Pennsylvania Supreme Court denied *allocatur* and time expired for Appellant to file an appeal with the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Appellant did not file the instant PCRA petition until April 30, 2012. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, her petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, she must file her petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Although Appellant's brief is devoid of any argument regarding an exception to the time bar, in her response to the PCRA court's notice of intent to dismiss, she stated that she is invoking the exception of "newly discovered evidence." Petition in Response to Dismissal of PCRA Petition, 7/18/12, at 1. Thus, it appears that Appellant is attempting to invoke the second exception to the PCRA timeliness requirements, *i.e.* "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence," pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).

In support of this claim, Appellant refers to affidavits attached to her PCRA petition. Petition in Response to Dismissal of PCRA Petition, 7/18/12, at 1. Appellant maintains that she submitted her PCRA petition within sixty days "of the date . . . the affidavits were sworn to by a Notary public." **Id.** Appellant further asserts that this is "new" evidence, not corroborative evidence. **Id.**

In order to sustain an untimely PCRA petition under the after-discovered evidence exception, a petitioner must show that the evidence:

> (1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Johnson*, 841 A.2d 136, 140-141 (Pa. Super. 2003). The sixty day time limit related to Section 9545(b)(ii) runs from the date the petitioner first learned of the alleged after-discovered facts. *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011). A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty days thereafter. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (holding petitioner failed to demonstrate his PCRA petition was timely where he did not explain when he first learned of facts underlying his PCRA petition). All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed. *Commonwealth v. Fahy*, 959 A.2d 312, 315 (Pa. 2008).

A review of Appellant's current PCRA petition reflects two notarized affidavits attached to the petition. One of the affidavits is authored by Dwayne Baker, and the second is authored by Darryl Davis. PCRA Petition, 4/30/12, at unnumbered 44, 46. In the affidavits, the affiants make statements that they witnessed the kidnapping victim coming and going, of her own will, from Appellant's home. *Id.* Both also attest to Appellant's good character. *Id.* These same affidavits are attached to Appellant's brief as Exhibits "E-1" and "F-1", respectively.

Upon review, we cannot agree with Appellant's claim that these affidavits constitute "new" evidence, sufficient to satisfy the time-bar

exception. In her response to the PCRA court's notice of intent to dismiss, Appellant explains that "[t]he witnesses that provided the affidavits were unavailable at the time of trial because my Attorney-Gerald Stein, never called them. I provided the names-he never called [t]hem to testify." Petition in Response to Dismissal of PCRA Petition, 6/18/12, at 1. Moreover, we note that Appellant identified Darryl Davis in her first supplemental PCRA petition filed November, 14, 2007, as a witness whom trial counsel failed to call. Supplemental Counseled Post Conviction Relief Act Petition, 11/14/07, at 2. Thus, it is clear that Appellant was aware of these witnesses at the time of trial and therefore, the affidavits from these witnesses cannot be considered "after-discovered" evidence. ***Johnson***, 841 A.2d at 140-141.

In sum, the PCRA court did not err in finding Appellant's petition was time-barred and that none of the exceptions to the one-year time limit applied. Consequently, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014